UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to:<br>    1:14-cv-06018-RLY-TAB   Brand | |

**ORDER ON PLAINTIFF'S EMERGENCY MOTION TO COMPEL**

On January 26, 2018, the Court held a telephonic status conference and heard argument regarding Plaintiff Tonya Brand's emergency motion to compel responses to her interrogatories and the Third Amended Defendant Fact Sheet. [Filing No. 7551.] Following the argument, the Court granted in part Brand's motion to compel interrogatory responses. The Court ordered the Cook Defendants to provide supplemented interrogatory responses by Sunday, January 28, 2018, at 12:00 PM EST.

At issue in this emergency motion were the Cook Defendants' responses to Interrogatory Nos. 1, 2, and 5.

> **INTERROGATORY NO. 1:** Please describe in detail each and every act or omission on the part of the Plaintiff that you contend was a contributing legal cause of the injury, illness or other losses sued upon in this action.
>
> **ANSWER:** The Cook Defendants object to Interrogatory No. 1 as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "each and every act or omission" on Plaintiff's part. The Cook Defendants further object to Interrogatory No. 1 to the extent it seeks information protected by attorney-client privilege or the work product doctrine. Finally, the Cook Defendants object on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. Cook Defendants will supplement this answer as required by the Federal Rules of Civil

Procedure and any applicable Case Management deadlines established by the Court.

**INTERROGATORY NO. 2:** Do you contend any person or entity other than Cook is or may be liable in whole or in part for the claims asserted against you in this action? If so please state for each (a) their name, (b) the legal basis for the contention, and (c) the facts and evidence upon which the contention is based.

**ANSWER:** The Cook Defendants object to Interrogatory No. 2 to the extent it seeks information protected by attorney-client privilege or the work product doctrine. The Cook Defendants further object on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. Cook Defendants will supplement its answer as required by the Federal Rules of Civil Procedure and any applicable Case Management deadlines established by the Court.

. . .

**INTERROGATORY NO. 5:** Please set forth every fact supporting in whole or in part each of the following affirmative defenses:

(a) your first affirmative defense asserting that Plaintiff's claims are barred by the ' applicable statute of limitations (limitations);

(b) your second affirmative defense asserting that Plaintiff assumed the risk associated with use of the filter (assumption of risk);

(c) your third affirmative defense asserting that Plaintiff's claims are barred by laches (laches);

(d) your sixth affirmative defense asserting that you had no duty to warn Plaintiff of any risks associated with the use of the filter because the filter was supplied to a sophisticated/learned user (learned intermediary);

(e) your ninth affirmative defense asserting that Plaintiffs damages were caused in whole or in part by her comparative negligence, including whether this defense is premised upon any facts distinct from those relied upon for your second, twelfth or thirteenth affirmative defense (comparative fault);

(f) your tenth affirmative defense asserting that Plaintiffs damages were caused by the fault of other products, persons, firms, etc. (non-party fault);

(g) your eleventh affirmative defense asserting that Plaintiffs damages were caused by an intervening or superseding cause (intervening cause);

(h) your twelfth affirmative defense asserting that Plaintiffs harm was caused by misuse of the product by Plaintiff or others (product misuse);

(i) your thirteenth affirmative defense asserting that Plaintiffs harm was caused by modification or alteration of the device after delivery of the device to the initial consumer (product misuse);

(g) your sixteenth affirmative defense asserting that Plaintiffs claim is barred in whole or in party by her failure to mitigate damages (failure to mitigate); and

(k) your seventeenth affirmative defense asserting that Plaintiffs claim is barred because her injuries and damages were caused by medical conditions, diseases, etc., unrelated to the Cook Defendants (preexisting/other conditions).

**ANSWER: Objection.** The Cook Defendants object to Interrogatory No. 5, and each of its subparts, as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "every fact" related to the "affirmative defense" information sought. The Cook Defendants further object to Interrogatory No. 5, and each of its subparts, to the extent they seek information protected by the attorney-client privilege or the work product doctrine. Finally, the Cook Defendants object to Interrogatory No. 5, and each of its subparts, on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. The Cook Defendants will supplement its answer as required by the Federal Rules of Civil Procedure and any applicable Case Management deadlines established by the Court.

[[Filing No. 7551-1, at ECF pp. 2–6](#).]

As the responses reflect, the Cook Defendants raised a number of objections to these interrogatories, but provided no substantive responses. The idea that the Cook Defendants cannot produce a single fact in response to these interrogatories strains credulity. The Cook Defendants did not argue that they had no facts to produce. Rather, after raising a litany of objections, the Cook Defendants argued that they do not have a complete picture of the evidence and responding now "likely will necessitate multiple supplemental answers along the path of discovery, require Cook to prematurely commit to positions, and force the disclosure of what currently is attorney work product." [Filing No. 7557, at ECF p. 3 (citing *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545–46 (N.D. Ill. 2005)).]

However, the *Tyson* court merely exercised its discretion in the factual context of that case and determined the interrogatories there were premature. *Tyson*, 230 F.R.D. at 544–45. The circumstances here do not support forcing Brand to wait for responses. This MDL was consolidated in 2014. Discovery has been extensive. The Cook Defendants must possess some facts responsive to these straightforward interrogatories. Failing to produce anything under the guise of incomplete research is not acceptable, nor is putting up a smokescreen of objections. Further, this motion came on the eve of a trial deposition of a treating doctor who will not appear at trial. This deposition will be Brand's only opportunity to examine this witness under oath. Nothing in *Tyson* suggests the Court should exercise its discretion to force Brand to go into this important deposition "blind." *See id.*

Therefore, based on the briefs and the argument on January 26, 2018, the Court granted in part Brand's emergency motion to compel responses to her interrogatories. [Filing No. 7551.] The Court ordered the Cook Defendants to provide supplemental responses by Sunday, January 28, 2018, at 12:00 PM EST.[1]

Date: 01/30/2018

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all-ECF registered counsel of record by email.
Distribution to all non-registered counsel of record to be made by Plaintiffs' Lead Counsel.

---

[1] The motion to compel also sought additional information in the defense fact sheet. At the January 23 status conference, Brand acknowledged that the Cook Defendants' deficient interrogatory responses were the more pressing concern and the impetus for the "emergency" motion to compel. With this emergency resolved, the Court now denies Brand's motion to compel as to the defense fact sheets. This denial, however, is without prejudice to Brand's ability to continue to press this shortcoming with the Cook Defendants and, if necessary, to ask the Court to revisit this issue on a non-emergency basis.