IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-6018-RLY-TAB

## PLAINTIFF'S BENCH BRIEF REGARDING COOK'S OPENING THE DOOR TO EVIDENCE OF WARNINGS

Plaintiff Tonya Brand submits that, in her opening statement, Cook's attorney opened the door to some evidence about warnings. While Plaintiff recognizes that the Court has answered firmly on the issue of warnings, Cook's comments that the risks of the Celect and IVC filters generally were known to and well understood by doctors opened the door to evidence concerning what was actually known and what Cook could have told doctors to make the filter's design safer. Yesterday afternoon in her opening, Cook's counsel gave the impression that doctors knew everything they needed to know to use the Celect filter safely and effectively.[1] There is no evidence that this impression is accurate. Conversely, there is evidence that it is not.

The fourth factor under *Banks* is the avoidability of the danger, which includes publicity, common knowledge, and the efficacy of warnings, as well as the user's knowledge of the risk.

---

[1] *See* Official Reporter's Transcript of Jury Trial, Volume 1, January 14, 2019, at 256:11-15, 257:3-4, 301:22-24 (arguing that risks were known or well understood by doctors). Cook also claimed that Dr. Rheudasil knew all of the risks of IVC filters and warned Tonya Brand of them. *Id.* at 289:8-14, 292:7-9, 301:19-22. But it has not been established that Dr. Rheudasil knew all of the risks. The Court's summary judgment ruling rested, not on his comprehensive knowledge, but that causation could not be established from the record based on his testimony that he did not recall reading the IFU or relied upon it before or after implanting the device.

*Banks v. ICI Americas, Inc.*, 264 Ga. 732 (1994). Cook has given the impression that the danger could not have been avoided because doctors already knew everything they needed to use the product safely and effectively. Dr. Gordon stated in his report and at his deposition that the product should have carried a warning to remove the IVC filter as soon as possible:

> The Celect IFU does not warn physicians that the Celect filter should be retrieved within a certain period of time to avoid progressive perforation, tilt and fracture or to closely monitor patients when the filter is left in place for an extended period of time. As a matter of fact, Cook's included data suggests very high retrieval rates and minimal complications.

Gordon Report at 13. *See also* Gordon Depo. at 165, 191. Dr. Krumholz has offered a similar opinion. Krumholz Depo. at 161-63. Such a warning would have made the design safer, and that information is relevant to the *Banks* factors.

"[T]he doctrine of 'opening the door' only applies when one party has injected a false impression into the case and allows the other party an opportunity for a fair response." *United States v. Lawson*, No. CRIM. A. 08-21-KSF, 2010 WL 186386, at *1 (E.D. Ky. Jan. 8, 2010). *See also United States v. Leung*, 929 F.2d 1204, 1209 (7th Cir. 1991)("Cross-examination may indeed "open the door" to a subject on redirect"); *United States v. Gipson*, 862 F.2d 714, 717 (8th Cir. 1988)("after the instigating party opens the door to an area of inquiry that is not competent or relevant, it is estopped from complaining when its adversary offers fair rebuttal"). The Court has found warnings evidence would mislead the jury. It would be grossly unfair, though, given the false impression Cook has created and will continue to foster, to prohibit Plaintiff from rebutting this false impression by offering evidence of warnings that could have rendered the design safer.

For the reasons set forth above, Plaintiff respectfully urges the Court to reconsider the exclusion of warnings evidence relevant to the *Banks* factors.

Dated January 15, 2019.

Respectfully Submitted,

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Ben C. Martin
Ben C. Martin