IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL NO. 2570 |
| This Document Relates:<br><br>*Brand v. Cook Medical, Inc., et al*<br>Case No. 1:14-cv-6018-RLY-TAB | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' MOTION TO LIMIT PLAINTIFF'S EVIDENCE REGARDING FUTURE FEAR OF INJURY

Plaintiff Tonya Brand opposes Cook's motion to limit argument or evidence regarding how the remaining Celect fragments in Brand's body cause her mental anguish. Cook's argument is not supported by Georgia law and should be denied for the following reasons:

### INTRODUCTION

There is no dispute Tonya Brand's Celect IVC filter fractured in her body and a fragment exited through her thigh. There is also no dispute that, after one attempt to percutaneously retrieve the failed filter, Brand underwent a complex open retrieval surgery to get the destroyed filter out of her vena cava. Dr. Rheudasil was able to get out the Celect filter from her vena cava, but he could not retrieve two fragments and left them in her body. The reasonableness of her mental anguish over the remaining fragments goes to weight, not admissibility.

### ARGUMENT AND CITATION OF AUTHORITY

Georgia law allows any plaintiff to introduce evidence of mental injury as long as they also suffer a physical injury. Cook's argument that Brand's mental anguish was cut off after her

pain from the open retrieval resolved is an overly narrow and unrecognized interpretation of Georgia law.  Georgia law certainly allows for a plaintiff to recover for suffering into the future for a physical injury that happened into the past.  The cases Cook cited support Brand's claim for fear of what the remaining fragments in her body will do to hurt her in the future.

Georgia follows the impact rule, and Georgia's impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress.[1]  *Id.* at 586.  Brand's mental anguish is related to the physical injury caused by the filter failure.  Because there was a physical injury, Brand's mental anguish claims are legitimate and cannot be limited because her traumatic injuries happened in the past.  There is no temporal requirement between when the injury occurs and how long a plaintiff may suffer.  Given this evidence, it is for the jury to determine whether Brand was injured and for how long.  *See* Georgia Suggested Pattern Jury Instructions – Civil **§§** 66.501-03.  Brand has evidence for the jury to consider on both physical injury and the mental anguish that flows from that injury.

In *Cure v. Intuitive Surgical Inc.*, cited by Cook, the court found that the plaintiffs offered only vague, conclusory statements in support of their claim for medical monitoring.  705 F. App'x 826 (11th Cir. 2017).  The plaintiffs in *Cure* sought class certification alleging particulates from heart surgery instruments left metal shavings in the putative plaintiffs and claimed those plaintiffs "suffered and will continue to suffer physical, neurological, and mental effects," as well as lost wages, and would have to shoulder "the cost of medical expenses related to care

---

[1] In *Lee v. State Farm Mut. Automobile Ins. Co.*  272 Ga. 583, 583–84 (2000), the court extended the impact rule to allow a claim for the negligent infliction of emotional distress from witnessing the mortal injury of a child or close family member. *Id*. Bridget Lee and her daughter were in a car wreck that resulted in physical injuries to both of them, and Ms. Lee also suffered emotional distress from witnessing her daughter suffer and die within the hour. *Id.* at 584.  Georgia law prior to this case did not allow a plaintiff to recover emotional distress damages for witnessing the suffering and death of a loved one.  *Lee* expanded the impact rule to allow for these claims, not to create some limited nexus between a physical injury and how long a person can suffer mental anguish. *See Id.*

necessary to address those effects." *Id.* at 827.  The court was not asked if metal shavings cause mental anguish, it was only asked to decide if the amended complaint stated a claim.  *Id.* at 828.  Here, Brand offers substantial evidence that Celect's alleged design defect caused both her physical injuries and her fear of future injury.

In *Boyd v. Orkin Exterminating Co.*, the court held that elevated blood levels of a toxin were not, in and of themselves, an injury that would support a claim for the "increased risk of cancer" to which they had been exposed. *Id.* at 40.  Similarly, in *Johnson v. Am. Nat. Red Cross*, the plaintiff could not recover for mental anguish and personal injury through allegations that she might have been exposed to HIV during a blood transfusion.  253 Ga. App. 587, 592–93 (2002).  In this case, unlike *Boyd* and *Johnson*, Brand has already sustained a physical injury caused by the Celect's alleged defect. What is crucial to the analysis is whether the filter failure "caused or would eventually cause" actual injury. *Id.*  It clearly did and Brand continues to carry foreign objects in her body, and therefore, Brand's claim for mental anguish is viable.. *Cf. Watson v. Augusta Brewing Co.*, 52 S.E. 152, 153 (1905)(finding no reasonable basis for fear of future injury after all glass shards were removed and plaintiff fully recovered).

Brand need not offer expert testimony that the filter poses some actual future threat to her.  Cook cites *Eberhart v. Morris Brown Coll.* to claim such testimony is required. 181 Ga. App. 516 (1987).  In that case, however, the plaintiff's claim failed for lack of causation evidence to show that his medical expenses were incurred as a result of a prior football injury. . *Id.* at 518-19. The issue was not about any mental anguish he continued to suffer as a result of his old football injury.  There is no case that requires Brand to prove the filter fragments will move in order for the jury to hear about how those remaining fragments cause her mental anguish.

Finally, Georgia law lets the jury decide "[i]f you find that plaintiff's pain and suffering will continue into the future, you should award damages for such pain and suffering as you believe plaintiff will endure." *See* Georgia Suggested Pattern Jury Instructions – Civil **§** 66.503. Trial courts in Georgia routinely allow juries to consider future mental anguish in routine car wreck cases where the only evidence of permanent injury is the testimony of the plaintiff. The measure of damages for pain and suffering is within the enlightened conscience of the jurors. *Stubbs v. Harmon,* 226 Ga. App. 631, 633 (1997).

WHEREFORE, Plaintiff requests this Court deny Cook's motion to exclude evidence and argument that Brand's remaining filter fragments are a source of her mental anguish.

Respectfully submitted this 15th day of January, 2019.

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:  jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 15, 2019, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                */s/ Joseph N. Williams*
                                                Joseph N. Williams